UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE J. CRENSHAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04CV94 JCH |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Willie J. Crenshaw's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On July 13, 2000, a jury in the Circuit Court of St. Louis City, Missouri, convicted Petitioner of one count of first degree murder, one count of forcible rape, and one count of forcible sodomy. Petitioner was sentenced to life imprisonment without the possibility of parole on the murder charge, and to concurrent terms of life imprisonment on the other two charges. On October 23, 2001, the Missouri Court of Appeals overturned the convictions for forcible rape and forcible sodomy. State v. Crenshaw, 59 S.W.3d 45 (Mo. App. 2001). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Crenshaw v. State, 101 S.W.3d 343 (Mo. App. 2003).

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. In his petition for writ of habeas corpus, Petitioner raises the following claims for relief:

(1) That Petitioner received ineffective assistance of trial counsel, in that counsel:

(a) failed to make an opening statement outlining exculpatory facts he would elicit on cross-examination of the State's witnesses;

(b) failed to seek discovery of information about three State witnesses, to show potential bias;

(c) failed to seek discovery regarding two jurors, that may have led to their disqualification; and

(d) failed to call unspecified defense witnesses to testify at trial;

(2) That Petitioner's rights were violated when the Missouri Court of Appeals denied his direct appeal without carefully reading or examining his claims;

(3) That Petitioner's rights were violated when juror Lavelma J. Little talked to a detective on Petitioner's case during the trial; and

(4) That Petitioner's rights were violated as Dr. Nanduri, the medical examiner, testified that a detective tampered with State's evidence in order to secure Petitioner's conviction.

In response, Respondent contends the instant petition should be dismissed, arguing various claims are subject to a procedural bar as Petitioner failed properly to pursue such claims in state court, and that the remainder of Petitioner's claims are without merit.

## **DISCUSSION**

### I. **Procedural Bar**

#### A. **Grounds 1(b) and 1(d)**

In Ground 1(b) of his petition, Petitioner alleges he received ineffective assistance of trial counsel, in that trial counsel failed to seek discovery of information about three State witnesses, to show potential bias. In Ground 1(d) of his petition, Petitioner alleges he received ineffective assistance of trial counsel, in that trial counsel failed to call unspecified defense witnesses to testify on his behalf at trial.

A review of the record reveals that Petitioner failed to raise Grounds 1(b) and 1(d) in his amended post-conviction motion. (Resp. Exh. 6, PP. 13-38). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has neither asserted nor shown cause for his failure to raise the claims in state court. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Petitioner's claims of ineffective assistance of trial counsel raised in Grounds 1(b) and 1(d) of the instant petition are therefore procedurally defaulted and will be denied.

**B.    Grounds 1(a) and 1(c)**

In Ground 1(a) of his petition, Petitioner alleges he received ineffective assistance of trial counsel, in that trial counsel failed to make an opening statement outlining exculpatory facts he would elicit on cross-examination of the State's witnesses. In Ground 1(c) of his petition, Petitioner alleges he received ineffective assistance of trial counsel, in that trial counsel failed to seek discovery regarding two jurors, that may have led to their disqualification.

A review of the record reveals that while Petitioner raised Grounds 1(a) and 1(c) in his amended post-conviction motion (Resp. Exh. 6, PP. 15-26), he failed to pursue the claims on appeal of the denial of that motion. (Resp. Exh. 7). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d at 53 (citation omitted). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. at 731-32; Forest v. Delo, 52 F.3d at 719; Keithley v. Hopkins, 43 F.3d at 1217. This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has neither asserted nor shown cause for his failure to raise the claims in state court. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298 (1995); Washington v. Delo, 51 F.3d at 761. Petitioner's claims of ineffective assistance of trial counsel raised in Grounds 1(a) and 1(c) of the instant petition are therefore procedurally defaulted and will be denied.

### C. Grounds 3 and 4

In Ground 3 of his petition, Petitioner alleges his rights were violated, when juror Lavelma J. Little talked to a detective on Petitioner's case during the trial. In Ground 4 of his petition, Petitioner alleges his rights were violated as Dr. Nanduri, the medical examiner, testified that a detective tampered with State's evidence in order to secure Petitioner's conviction. A review of the record reveals Petitioner failed to raise these claims on direct appeal from his conviction and sentence. (Resp. Exh. 3). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d at 53 (citation omitted). Because Petitioner failed to

raise the claims on direct appeal, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. at 731-32; Forest v. Delo, 52 F.3d at 719; Keithley v. Hopkins, 43 F.3d at 1217. This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has neither asserted nor shown cause for his failure to raise these claims on appeal from his conviction. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298 (1995); Washington v. Delo, 51 F.3d at 761. Petitioner's claims for relief raised in Grounds 3 and 4 of the instant petition are therefore procedurally defaulted and will be denied.

## II. Claim Addressed on the Merits

In Ground 2 of his petition, Petitioner alleges that his rights were violated, when the Missouri Court of Appeals denied his direct appeal without carefully reading or examining his claims.[1] In his direct appeal, Petitioner raised the following three claims: (1) the trial court erred in denying Petitioner's motion for judgment of acquittal on the forcible rape and forcible sodomy charges, because the State failed to prove the *corpus delicti* of those crimes; (2) the trial court erred in admitting the testimony of witnesses Curtis Crenshaw and Earl Webster, both of whom testified Petitioner confessed to the forcible rape and forcible sodomy, because the State failed to introduce any other evidence that the crimes occurred; and (3) the trial court erred in overruling Petitioner's

---

[1] To the extent Petitioner complains about the appeal of his post-conviction motion, the Court notes such a claim is not cognizable in this federal habeas petition. See Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding."); 28 U.S.C. § 2254(a).

- 5 -

objection, and allowing the Victim's grandmother to testify as to Petitioner's prior, unrelated bad acts. (Respondent's Exh. 3, PP. 9-11).

In an eight page opinion entered October 23, 2001, the Missouri Court of Appeals reversed Petitioner's convictions for forcible rape and forcible sodomy. (Respondent's Exh. 5, P. 8). With respect to Petitioner's third claim, the court held as follows:

> We next turn to [Petitioner's] third point, in which he alleges that the trial court erroneously permitted Victim's grandmother to testify about his prior, unrelated bad acts. We find this argument to be without merit.
>
> [Petitioner] initiated the inquiry of Victim's grandmother regarding her dislike for him. The following exchange occurred on cross-examination of Victim's grandmother by [Petitioner's] attorney:
>
> Attorney: And is it fair to say that [Victim] was not very fond of [Petitioner]?
> Grandmother: No, she wasn't.
> Attorney: And it's also fair to say that you were not very fond of [Petitioner].
> Grandmother: No.
> Attorney: That's fair to say?
> Grandmother: Yes.
>
> On redirect, the trial court overruled [Petitioner's] objection and allowed the state to inquire as to why Victim's grandmother disliked him.
>
> Generally, evidence of uncharged crimes, wrongs, or acts is inadmissible for the purpose of showing a defendant's propensity to commit such crimes. State v. Uka, 25 S.W.3d 624, 626 (Mo. App. 2000). However, "a defendant may not take advantage of self-invited error nor complain about matters he himself brings into the case." Id.; see State v. Kelly, 689 S.W.2d 639, 640-41 (Mo. App. 1985) (finding that defendant cannot make an assertion in closing argument then complain when the state responds to that contention).
>
> We will defer to a trial court's decision regarding the admissibility of evidence and will only overturn it if the court abused its discretion. Uka, 25 S.W.3d at 627. Once [Petitioner] opened the door regarding whether Victim's grandmother disliked him, the state was free to cross the threshold and inquire further. We find the trial court did not abuse its discretion in determining the relevancy and admissibility of this testimony. Point denied.

State v. Crenshaw, 59 S.W.3d at 49-50.

Upon consideration of the foregoing, the Court finds the Missouri Court of Appeals carefully considered Petitioner's claims, going so far as to grant relief on two of the three grounds presented. Ground 2 is denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 2) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 24th day of February, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE